### No. 370
### STATE ex DAYTON (City) v. NIEHAUS, Inspec.
Ohio Appeals, 2d Dist., Montgomery County
Decided Jan. 9, 1924

516. FEES AND COSTS—City building inspector no right to charge, under city ordinance, fee for approving school building plans.

ALLREAD, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This question involves the power and authority of the Chief Inspector of the Division of Building Inspection of the City of Dayton City District a fee for the approval of to charge the Board of Education of the Dayton City District a fee for the approval of plans of a school building, as prescribed in the building ordinance of the City of Dayton.

This is an important question. The case

has been fully and ably argued both orally and on briefs.

In view of the importance of an early decision, we give herewith general conclusions reached after full consideration:

1. The Board of Education is a creature of the State and subject to State legislation;

2. The City Commission, under charter, has powers of legislation subject only to the limitations of the constitution over the citizens and business organizations located and doing business within the city, but has no jurisdiction over the Board of Education, except as conferred by State laws;

3. The Division of Building Inspection has authority conferred by State laws to grant, and within reasonable limits to withhold, certificates of approval of plans and specifications of new school buildings, but has no authority to prescribe a license fee therefor;

4. The license fee, as prescribed in the ordinance under consideration, is not valid as againsts the Board of Education with respect to school buildings under their jurisdiction, there being no State legislation authorizing such fee.

Attorneys—Nevin and Kalbfus, for State; J. B. Harshman, City Attorney, Walter B. Snyder and Howard B. Heald, Asst. City Attorneys, for Niehaus; all of Dayton.